UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES A. CHEESMAN, individually and on behalf of all similarly situated persons,  )<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>NEXSTAR BROADCASTING GROUP, INC.,  )<br>Defendant.  ) | COLLECTIVE ACTION PURSUANT TO 29 USC § 216(b)<br><br>2:07-cv-360-RLY-WGH |

**ENTRY ON PLAINTIFF'S MOTION TO CERTIFY COLLECTIVE ACTION STATUS and PLAINTIFF'S MOTION FOR APPROVAL OF PROPOSED COLLECTIVE ACTION NOTICE**

Plaintiff, James A. Cheesman, filed the instant lawsuit against his former employer, Nexstar Broadcasting Group, Inc. ("Nexstar"), for alleged overtime violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiff seeks certification of a collective action under the FLSA and approval for a notice to prospective members of the collective action so that they may have an opportunity to opt-in to the case. Nexstar opposes Plaintiff's motions. The court, having read and reviewed the parties' submissions and the applicable law, now **GRANTS** Plaintiff's Motion to Certify Collective Action Status and **GRANTS** in part Plaintiff's Motion for Approval of Proposed Collective Action Notice.

**I.    General Background**

Nexstar is headquartered in Irving, Texas and owns and operates television stations

1

in medium-sized markets primarily in the Northeast, Midwest and Southwest regions of the United States. (Affidavit of Phil Reyna ("Reyna Aff.") ¶ 3). More specifically to this case, Nexstar owns and operates a television station named WTWO Channel Two in Farmersburgh, Indiana. (Affidavit of James A. Cheesman ("Cheesman Aff.") ¶ 2). Nexstar employed Cheesman at WTWO as an Assistant Engineer from June 5, 2000, to October 4, 2007. (*Id*. ¶ 3).

Nexstar classifies the positions it offers in its stations as exempt or non-exempt for purposes of the FLSA overtime provisions, which is "consistent across all [of its] television stations." (Plaintiff's Ex. 1A[1]). As an Assistant Engineer, Cheesman was paid on a salary basis, and was classified as "exempt." (*Id*. ¶ 4; Plaintiff's Ex. 1). Cheesman alleges that despite his title as Assistant Engineer, he was essentially a non-exempt, hourly maintenance employee with no management responsibilities. (Cheesman Aff. ¶¶ 5-9). For example, Plaintiff's job description lists his duties and responsibilities as follows:

1. Perform or assist in installing, maintenance and repair of PC, audio, video, RF.
2. Maintain parts and accessories inventory.
3. Perform other duties as assigned by chief engineer.
4. Take callouts for immediate repair.
5. Perform chief engineer duties in his absence.
6. Complete job description and requirements discussed at the time of interview.

---

[1] This exhibit is attached to Plaintiff's Reply Brief as Plaintiff's Ex. 1. However, since Plaintiff attached an exhibit designated as Ex. 1 to his Moving Brief, the court will refer to Ex. 1 attached to his Reply Brief as "Ex. 1A."

(Plaintiff's Ex. 1). Plaintiff further alleges that his position does not require a college degree nor any specialized training in radio or television. (Cheesman Aff. ¶ 7). Plaintiff seeks to certify the following class:

> Current and former Nexstar Broadcasting Group, Inc. employees who were classified as "Assistant Chief Engineer,[2]" and who currently work or previously worked at any of Nexstar Broadcasting Group, Inc.'s television stations at any time from December 14, 2004, until the present, and who were classified as "exempt" or paid on a salary basis, and who were not paid overtime wages for work in excess of forty (40) hours per week.

(Reply Brief at 7).

## II.   Motion to Certify Collective Action Status

The FLSA provides that an action for unpaid overtime compensation may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Such a collective action differs significantly from a Rule 23 class action. Potential class members in a collective action must affirmatively *opt-in* to be bound, while in a Rule 23 action they must *opt out* not be bound. *Carter v. Indianapolis Power and Light Co.*, 2003 WL 23142183, at *2 (S.D. Ind. Dec. 23, 2003) (emphasis in original); *see also Coan v. Nightingale Home Healthcare, Inc.*, 2005 WL 1799454, at *1 (S.D. Ind. June 29, 2005) (citing *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989)); *Champneys v. Ferguson Enterprises, Inc.*, 2003 WL 1562219, at *3 (S.D. Ind. March 11, 2003). Thus, Rule 23 and its standards governing

---

[2] Plaintiff's Complaint and Moving Brief includes with the class definition those current and former Nexstar employees who held the job titles "Assistant Chief Engineer," "Engineer," or "Chief Engineer." In Plaintiff's Reply Brief, he voluntarily narrowed the scope of the class to include only Assistant Chief Engineers. (*See* Reply Brief at 6-7).

class certification do not apply to a FLSA collective action.

In deciding whether an FLSA action may proceed as a collective action, the court engages in a two-step inquiry. "The first step, or the 'notice stage,' involves an analysis of the pleadings and affidavits which have been submitted to determine whether notice should be given to potential class members." *Carter*, 2003 WL 23142183, at *3. "The second step, which usually occurs after discovery has largely been completed, allows a court the opportunity to determine whether the class should be decertified or restricted because various putative class members are not in fact similarly situated as required by the statute." *Id.*; *see also Champneys*, 2003 WL 1562219, at *5 (citing *Moss v. Crawford & Co.*, 210 F.R.D. 398, 409 (W.D. Pa. 2000)). Thus, at the initial "notice stage", "[P]laintiff's burden is not to prove his entire case." *Champneys*, 2003 WL 1562219, at *6. Instead, Plaintiff's burden is merely to make a threshold showing that he is similarly situated to the employees on whose behalf he seeks to pursue his claim. *Coan*, 2004 WL 1799454, at *1.

Here, Plaintiff has submitted his sworn affidavit, his pay stubs, and a written job description of his duties and responsibilities as an Assistant Chief Engineer as evidence that Nexstar misclassified the position of Assistant Chief Engineer as exempt for FLSA overtime purposes. In addition, Plaintiff submitted a copy of Nexstar's corporate policy dated July 27, 2004, as evidence that the position of Assistant Chief Engineer is classified as exempt at all of its affiliate stations across the United States. Thus, Plaintiff posits that all Assistant Chief Engineers were victims of Nexstar's erroneous classification of the

position as "exempt." The court finds, at this "notice stage," that Plaintiff has met his "threshold showing that he is similarly situated to the employees on whose behalf he is seeking to pursue this claim." *Champneys*, 2003 WL 1562219, at *4 (citing *Severtson v. Phillips Bev. Co.*, 137 F.R.D. 264, 267 (D.Minn. 1991) ("To obtain court authorization to send the proposed notice, plaintiffs must submit evidence establishing at least a colorable basis for their claim that a class of 'similarly situated' plaintiffs exist.")). Accordingly, the court **GRANTS** Plaintiff's Motion to Certify Collective Action Status.

### III.   Motion for Approval of Notice

Plaintiff has filed a Notice of Lawsuit Under Fair Labor Standards Act ("Notice") which contains 10 headings. Nexstar lodges a number of objections under these various headings. The court has read and reviewed the Notice and the objections made by Nexstar and now rules as follows:

(1)   With respect to Section II of the Notice entitled "Description of the Lawsuit," the first full paragraph of that section shall read:

> Plaintiff alleges that he and similarly situated employees, current or former Nexstar Broadcasting Group, Inc. employees working as Assistant Chief Engineers, are entitled to recover unpaid overtime pay under the Fair Labor Standards Act. The lawsuit seeks to recover unpaid overtime compensation (liquidated damages), plus payment of reasonable attorney fees and costs.

Plaintiff shall also include a description of Nexstar's defenses asserted in this lawsuit, and note that Nexstar has answered the Complaint and denies any wrongdoing.

(2) Section III entitled "Who May Join the Lawsuit" is redundant and therefore stricken.

(3) With respect to Section VI entitled "Legal Effect of Not Joining This Lawsuit," that section shall read:

> If you choose not to join this lawsuit, you will not be affected by any judgment or settlement in this case, whether favorable or unfavorable to the class. However, the statute of limitation on any such claim will continue to run. If you choose not to join this lawsuit, you are free to file your own lawsuit.

(4) With respect to Section VII entitled "No Retaliation Against You Is Permitted," that section shall read:

> Federal law prohibits Nexstar from terminating your employment or in any other manner discriminating against you because you have exercised your rights under the Fair Labor Standards Act by joining this lawsuit.

(5) With respect to Section X entitled "Inspection of Papers and Questions," Plaintiff shall include a corresponding statement outlining the right of the putative class to contact counsel for Nexstar.

Plaintiff's counsel shall mail the Notice as soon as practicable after receiving the list of employee names, addresses and titles from Nexstar.

**IV.     Conclusion**

For the reasons set forth above, Plaintiff's Motion to Certify Collective Action Status (Docket # 20) is **GRANTED** and Plaintiff's Motion for Approval of Proposed Collective Action Notice (Docket # 23) is **GRANTED** in part.

**SO ORDERED** this __27th__ day of May 2008.

```
                                        RICHARD L. YOUNG, JUDGE
                                        United States District Court
                                        Southern District of Indiana
```

Electronic Copies to:

William Louis Davis
JACKSON LEWIS, LLP
davisw@jacksonlewis.com

Robert Peter Kondras Jr.
HUNT HASSLER & LORENZ LLP
kondras@huntlawfirm.net

Michael W. Padgett
JACKSON LEWIS LLP
padgettm@jacksonlewis.com